Eastern District of Kentucky
**F I L E D**

NOV 1 3 2018

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:18-CR-112-JMH**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**                               **PLEA AGREEMENT**

**EUGENE BARBER & SONS, INC.**                          **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 371, conspiracy to defraud the United States. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3.

2. The essential elements of 18 U.S.C. § 371 are:

    (a)  Two or more persons agreed to commit an offense against the United States;

    (b)  The defendant was a party to that agreement;

    (c)  The defendant joined the agreement knowing of its objective to commit an offense against the United States and intending to join with at least one other conspirator to achieve that objective; and

    (d)  At some point during the existence of the agreement, at least one of its members performed an overt act in order to further the objective of the agreement.

3. As to Count 1, the United States could prove the following facts that establish

the essential elements of the offense beyond a reasonable doubt, and the Defendant admits

these facts:

(a) John M. Moran was a veterinarian practicing in Flemingsburg, Kentucky. Since 1980, Moran was accredited with the U.S. Department of Agriculture ("USDA"), authorizing him to fill out Interstate Certificates of Veterinarian Inspection for cattle traveling interstate. The Animal Health Protection Act authorizes the USDA to regulate the interstate movement of cattle, to prevent the introduction or dissemination of any livestock disease. Cattle traveling interstate must be accompanied by an Interstate Certificate of Veterinary Inspection ("ICVI"), filled out by an accredited veterinarian, which includes the species and number of animals traveling, the purpose of the travel, the origination and destination addresses, and the names of the consignor and consignee. ICVIs are filed with the Kentucky Department of Agriculture.

(b) Eugene Barber & Sons, Inc. was a cattle company based in Lexington, Kentucky. Beginning in or about 1998, and continuing through April 2015, Eugene Barber & Sons, Inc. and Moran conspired to violate federal laws requiring that interstate shipments of cattle be inspected by a USDA accredited veterinarian, and be accompanied with an ICVI.

(c) In furtherance of that agreement, Moran sold Barber & Sons pre-signed ICVIs in booklets of twenty-five, for $10 per certificate. The ICVIs were otherwise blank, and Barber & Sons personnel would fill out the ICVIs to accompany interstate shipments of cattle. The ICVIs were false in that Moran did not inspect the cattle before Eugene Barber & Sons, Inc. shipped them interstate.

(d) Between April 2013 and April 2015, Moran sold at least 675 pre-signed ICVIs to Barber & Sons that were used for interstate shipments of more than 60,000 cattle. Barber & Sons paid Moran approximately $1,000 per month for pre-signed ICVIs. Between January 2013 and April 2015, Moran received $18,750 from Barber & Sons.

4. The maximum statutory punishment for 18 U.S.C. § 371, for an organizational

defendant, is probation for not more than 5 years, a fine of not more than $500,000, and

a term of supervised release of not more than 3 years. A mandatory special assessment of

2

$400 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk

at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend

the following sentencing guidelines calculations, and they may object to or argue in favor

of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes paying Dr. John Moran for pre-signed ICVIs, in violation of federal law, from 1998 through April 2015.

(c) Restitution is not applicable pursuant to U.S.S.G. § 8B1.1.

(d) Remedial orders are not required pursuant to U.S.S.G. § 8B1.2.

(e) The fine should be determined pursuant to U.S.S.G. § 8C2.1.

(f) Pursuant to U.S.S.G. §§ 2X1.1(a), 2N2.1(a), the base offense level is 6.

(g) Pursuant to U.S.S.G. § 2B1.1(b), increase the offense level by 10 levels for a financial gain resulting from the offense of more than $150,000.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to

U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

4

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 11/13/18          By: _____

Kate K. Smith
Assistant United States Attorney

5

Date: 11/13/18

Eugene Barber & Sons, Inc.
Defendant

Date: 1/3/18

Andrew Sparks
Attorney for Defendant